IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| UNITED STATES OF AMERICA, | : | |
|---|---|---|
| | : | No: 4:21-cr-00075 |
| Plaintiff, | : | |
| | : | SENTENCING MEMORANDUM |
| vs. | : | |
| | : | |
| BRADEN CRAIG SHAFER, | : | |
| | : | |
| Defendant. | : | |

**COMES NOW** the Defendant, Braden Craig Shafer, by and through his attorney David Shinkle, and provides his Sentencing Memorandum as follows:

Defendant, Braden Shafer (Shafer) is set to be sentenced on January 20, 2022 at the Medical Classification Center in Coralville, Iowa where he is both an inmate and a patient.

His sentencing will mark the end of a childhood and young adult life where his fate was sealed by the neglect, inattention, and abuse he suffered from a young age.

His counsel would assert he (Shafer) has never gotten a break in his young life.

As the presentence report indicates he (Shafer) has had to take care of himself since age 12. At that age the Iowa Department of Human Services took him from his mother and her boyfriend based upon their "denial of critical care". He was placed with his father who often beat him. They argued constantly until at age 14 he was returned to his mother's care. As a child he remembers that he was frequently hungry; often there was no food in the house. Being back with his mother failed; she eventually threw him out of her home. Because he could not comport his behavior and there was no other place to put him his juvenile probation was revoked and he went into custody. He spent the rest of his formative years at the boys training school.

When he came out of juvenile confinement Shafer sought out and found the only "family" that had ever cared about him. Unfortunately O.T.B., a street gang, was that family.

As the Court is aware Shafer was engaged in violent behavior which has resulted in dire life long consequences to him. While participating in a gun battle on the streets of Des Moines he was shot in the head. The result is left sided paralysis, incontinence of his bowels, and being wheel chair bound. This condition appears to be permanent.

After pleading guilty to various state criminal charges for the same conduct which forms the basis of his present federal prosecution Shafer was sentenced to consecutive terms of 5, 10, and 10 years in state prison. These sentences should run concurrent to his federal sentence as stated in Shafer's presentence report.

Shafer's presentence report has concluded that the Court must sentence him to 10 years on Counts II and IV and each of said sentences must run consecutive to his " guidelines sentence" offense. Said guideline offense is 151 to 188 months.

Defendant is a Category III Offender. This is based upon juvenile offenses which occurred when he was 14 to 16 years old. The guidelines allow for such offenses to be used to determine one's criminal history category without providing the youthful offender with due process protections guaranteed to adult offenders. Shafer had no jury trial, was not presumed innocent, and his "guilt" was never proven beyond a reasonable doubt. Shafer would argue the theft of a pair of pants and discharging a firearm would not likely land an adult offender in Category III for sentencing guideline purposes. Because his criminal history category significantly overstates his past criminal behavior Shafer asserts it would be more appropriate via variance/ downward departure or both to sentence him as the Court would a Category I Offender (guideline range 121-151 months).

2

## **CONCLUSION**

In determining a sentence which is sufficient but not greater than is necessary to promote respect for the law the Court must consider the Defendant's circumstances including criminal history. Ultimately a Defendant's sentence is supposed to be one which is fitting for him. See *United States v. Booker*, 543 U.S. 220 (2005); *Pepper v. United States*, 131 S. Ct 1229 (2011).

Defendant believes the most important thing in determining his sentence, should be the requirements of 18 U.S. Code §3553 that the sentence be sufficient but not greater than necessary considering both the nature of the offense itself and the characteristics of the Defendant.

This Court has the authority and discretion to depart downward or grant Defendant a variance. It should do so in this case.

The appropriate sentence to be imposed by the Court should be "sufficient but not greater than necessary" to meet relevant sentencing objectives, which include:

1. the nature and circumstances of the offense and history and characteristics of the defendant;

2. the need for the sentence imposed -

   A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   B. to afford adequate deterrence to criminal conduct;

   C. to protect the public from further crimes of the defendant; and

   D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

3. The kinds of sentences available;

4. The guideline sentencing range;

3

5.  Any pertinent policy statement;

6.  The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

7.  The need to provide restitution to any victims of the offense

Here, the consecutive sentences, which the Court must impose, should alone be considered sufficient but not greater than necessary to meet relevant sentencing objectives. This is especially true in light of: a) Defendant's disability which resulted from his having been shot in the head; b) the overstatement of his criminal history based upon juvenile offenses, and c) his potential for rehabilitation. Shafer believes the court will deem it necessary to sentence him to a sentence greater than the 2 consecutive 10 year sentences required of it. With this being true Shafer would argue a one (1) year sentence in addition to consecutive sentences is sufficient but not greater than necessary to meet the ends of justice.

Respectfully Submitted,

/S/ David Shinkle     AT0007159
SHINKKLE, LYNCH & UDELHOVEN
5835 Grand Ave #105
Des Moines, IA 50312
Telephone: (515) 244-6821
Facsimile: (515) 277-3236
**ATTORNEY FOR DEFENDANT
BRADEN CRAIG SHAFER**

CERTIFICATE OF SERVICE

I hereby certify that on January 13,2022,
I electronically filed the foregoing with the
Clerk of Court using the CM/ECF system.
I hereby certify that a copy of this document was
served on the parties or attorneys of records by:
ECF/Electronic filing.

/s/ Kenny Jones